**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY MANSON, III, | No. 11-15821 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00437-OWW-GSA |
| v. | |
| DAVID G. SMITH, M.D.; AVINDRA BRAR, M.D., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Henry Manson, III, appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging that prison medical staff were

deliberately indifferent to his left shoulder injuries. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for defendants Brar and Smith because Manson failed to raise a genuine dispute of material fact as to whether these defendants knew of and disregarded an excessive risk to Manson's health and safety, and the undisputed evidence shows that these defendants provided Manson treatment that they believed was appropriate based on their diagnoses. *See id.* at 1057-58 (explaining that a prison official is deliberately indifferent only if he knows of and disregards an excessive risk to an inmate's health and safety, mere negligence in diagnosing or treating a medical condition does not constitute deliberate indifference, and where there is a difference of medical opinion, a prisoner must show that the chosen course of treatment was both medically unacceptable under the circumstance and chosen in disregard of an excessive risk to his health).

**AFFIRMED.**